UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23cr24 DRL |
| PABLO PEDRAZA, | |
| Defendant. | |

OPINION AND ORDER

Pablo Pedraza filed a *pro se* petition to vacate his sentence under 28 U.S.C. § 2255. He argues that his trial attorney was ineffective during his change of plea hearing and sentencing. The court denies the petition and denies a certificate of appealability.

BACKGROUND

Between August 2022 and February 2023, investigators made several controlled purchases of methamphetamine from Mr. Pedraza directly and from a suspect who received the drugs from Mr. Pedraza [32 ¶¶ 8-10]. Mr. Pedraza pleaded guilty to a single-count indictment for possessing with the intent to distribute 50 grams or more of methamphetamine. 21 U.S.C. §§ 841(a)(1), (b)(1)(A). In September 2023, the court sentenced Mr. Pedraza to 198 months of imprisonment [38]. He did not appeal his sentence. He filed this petition arguing that his trial counsel was ineffective.

STANDARD

In extraordinary situations, the court may vacate, set aside, or correct a prisoner's sentence. 28 U.S.C. § 2255(a); *Hays v. United States*, 397 F.3d 564, 566-67 (7th Cir. 2005). The writ of *habeas corpus* is secured by the United States Constitution: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art. I, § 9, cl. 2. Historically, criminal defendants subject to a final conviction were entitled

to *habeas corpus* relief only if the court that rendered the judgment lacked jurisdiction. *Ex parte Watkins*, 28 U.S. 193, 202 (1830). The writ has since been expanded to provide prisoners relief from various violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2255(a); *Danforth v. Minnesota*, 552 U.S. 264, 272 (2008); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The writ is not a substitute for direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995).

When reviewing a § 2255 petition, the court examines the petition and the entire record. The court will hold an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief. *Torres-Chavez v. United States*, 828 F.3d 582, 586 (7th Cir. 2016); *see also* 28 U.S.C. § 2255(b). Allegations that prove merely "vague, conclusory, or palpably incredible" rather than detailed and specific won't suffice. *Machibroda v. United States*, 368 U.S. 487, 495 (1962). Likewise, when the petition and records conclusively show the petitioner isn't entitled to relief, the court needn't hold an evidentiary hearing. *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016). That is the case here.

DISCUSSION

The Sixth Amendment to the United States Constitution guarantees a defendant the right to counsel—including the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To show a violation of this right, a petitioner must establish that (1) his counsel's performance was deficient, and (2) the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993); *see also Strickland*, 466 U.S. at 697; *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010). An attorney's representation "need not be perfect, indeed not even very good, to be constitutionally adequate." *Delatorre v. United States*, 847 F.3d 837, 845 (7th Cir. 2017) (quotation omitted).

This same two-part test applies to "challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In the guilty plea context, the court applies the

*Strickland* standard in a refined way. *United States v. Smith*, 989 F.3d 575, 581 (7th Cir. 2021). To assess counsel's effectiveness at the plea stage, the performance prong remains largely unchanged: the petitioner "must allege that he entered the plea agreement based on advice of counsel that fell below constitutional standards." *Hurlow v. United States*, 726 F.3d 958, 966-67 (7th Cir. 2013). On the prejudice prong, the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Smith*, 989 F.3d at 581; *United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005).

In this § 2255 petition, Mr. Pedraza argues that his trial counsel was ineffective in three ways: (1) failing to provide him with adequate time to review and object to the presentence report; (2) failing to give him copies of discovery that he requested; and (3) failing to inform him of the possible sentence he faced before his change of plea. At the start, in addition to some other reasons, these new claims all conflict with statements made by Mr. Pedraza under oath in court.

First, he alleges that he received ineffective assistance when his trial attorney failed to provide him with a reasonable amount of time before sentencing to review and object to his presentence report. He says he got it the night before his sentencing. But at the hearing, Mr. Pedraza told the court under oath that he reviewed the report. He said he both read the report for himself and reviewed it with counsel. His lawyer confirmed the same thing. After a discussion about objections to the report, the court asked Mr. Pedraza whether he understood the objection that was still being maintained and what had been resolved by way of agreement. He said he did, and he agreed with this approach.

Because Mr. Pedraza's statements in open court and under oath carry "a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), the court gives no weight to his statement now that he didn't have sufficient time to review the report before sentencing. Nor once did he ever express a need to review the report even more before his sentence. Nothing suggests that his time to read the report to himself or the time to consult with counsel was anything less than adequate, and the federal

3

rules merely require that he receive the report "for some period of time." *United States v. Melvin*, 948 F.3d 848, 853 (7th Cir. 2020); *see also* Fed. R. Crim P. 32(e)(2). By his own admissions under oath, that was done, so there was neither deficient performance nor prejudice to Mr. Pedraza.

Second, he alleges that his trial counsel failed to provide him with copies of discovery materials. According to Mr. Pedraza, these requests continue to this day, to no avail. He speculates "that *Brady* material may have been overlooked." He then confuses the record—he says the court at sentencing asked him whether he received his full discovery. He claims he looked to his attorney, knowing he had not received this material, but he answered yes after she nodded her head for him to respond in the affirmative. Mr. Pedraza states that he answered untruthfully out of fear of losing a reduction for his acceptance of responsibility.

As an initial matter, the record does not reflect that such a question was asked during Mr. Pedraza's sentencing. In addition, under oath, Mr. Pedraza said at his plea that he was satisfied with his counsel's work. He made no mention of any need to review discovery. The court thus credits his original sworn statement rather than his new statement today.

But regardless, the Constitution doesn't provide a general right to pretrial discovery in criminal cases, nor was one created by *Brady v. Maryland*, 373 U.S. 83, 87 (1963), which requires that the government produce to the defendant favorable evidence material to guilt or punishment. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1997); *United States v. Angel*, 2013 U.S. Dist. LEXIS 159992, 2 (N.D. Ill. Nov. 8, 2013) ("a criminal defendant represented by counsel has no constitutional right to his own copy of the discovery materials"). Further, the *Brady* rule is not a rule of pretrial discovery, *United States v. Gray*, 648 F.3d 562, 567 (7th Cir. 2011), and the Constitution does not require the government to disclose material impeachment evidence before a defendant enters a plea agreement. *United States v. Ruiz*, 536 U.S. 622, 633 (2002).

Even so, Mr. Pedraza only speculates that there might have been important *Brady* information, not that there was. Because he has not established his counsel's deficient performance or any prejudice, and because his argument conflicts with his sworn testimony, the court denies relief on this ground.

Third, Mr. Pedraza argues that his trial counsel's actions prevented him from entering into a knowing and voluntary plea because he was not informed of the possible penalties he was facing. He also argues that his plea agreement omitted this information. The record belies his claim.

The court presumes his statements at the plea hearing were truthful. *See Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000). Statements at a plea hearing are made under oath, so the court is "generally justified in discrediting the proffered reasons for the motion … and holding the defendant to his admissions at the plea colloquy." *United States v. Patterson*, 576 F.3d 431, 437 (7th Cir. 2009) (quotations and citations omitted). In addition, even if the defendant receives bad information from counsel, the court's colloquy can "'ameliorate the adverse impact of his counsel's misinformation.'" *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010) (quoting *Moore v. Bryant*, 348 F.3d 238, 243 (7th Cir. 2003)).

At the plea hearing, the court instructed Mr. Pedraza that "a person who commits this crime has to be sent to prison for at least 10 years" and "can be sent to prison for as long as life" [57]. Mr. Pedraza, under oath, indicated that he understood the possible penalties. The court went on to inform Mr. Pedraza that at sentencing, the court "can pick any reasonable sentence between 10 years and life imprisonment." Mr. Pedraza, again under oath, said he understood. He confirmed that he and his counsel had gone over the sentencing guidelines to get an idea how they might play out in his case. Mr. Pedraza also understood the court's repeated statements to him that the sentencing guidelines and the government's recommended sentence were just that—guidelines and recommendations—and not binding on the court. Finally, Mr. Pedraza told the court that no one made him any promises or predictions regarding the length of his sentence.

5

Even more, Mr. Pedraza's plea agreement, which he confirmed he read and reviewed with counsel, informed him of the mandatory minimum and possible maximum sentence, that the sentencing guidelines were merely advisory, and that "no one [could] predict the precise sentence that will be imposed."

In short, his sworn statements (and the record) belie his new claim today. *See United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008) (defendant's statements at plea colloquy are presumed true); *see also United States v. Purnell*, 701 F.3d 1186, 1190-91 (7th Cir. 2012) (court may reject allegations that depend on defendant committing perjury at plea hearing). And a defendant's incorrect belief about his sentence alone is insufficient to warrant relief. *United States v. Redmond*, 667 F.3d 863, 872-73 (7th Cir. 2012); *United States v. Bowlin*, 534 F.3d 654, 660 (7th Cir. 2008); *United States v. Howard*, 341 F.3d 620, 622 (7th Cir. 2003). That is even more true when Mr. Pedraza never says in his petition that he would not have pleaded guilty but for his counsel's alleged errors and would have insisted on a trial. *See Hill*, 474 U.S. at 59. For any number of reasons, there is no prejudice on this record. The court denies *habeas corpus* relief on this ground too.

## CERTIFICATE OF APPEALABILITY

Mr. Pedraza fails to offer facts that, if proven, would entitle him to relief. As such, no hearing is necessary, and Mr. Pedraza's petition is denied. See *Anderson v. United States*, 981 F.3d 565, 578 (7th Cir. 2020); *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must also consider whether to grant or deny a certificate of appealability. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Cases. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Based on the assertions Mr. Pedraza has made in this petition, including assertions that contrast the record before the court and his sworn statements either at his plea or sentencing, reasonable jurists could not debate the conclusions today. The court thus denies a certificate of appealability.

## CONCLUSION

Accordingly, the court DENIES Mr. Pedraza's petition to vacate his sentence under 28 U.S.C. § 2255 [55] and denies a certificate of appealability.

SO ORDERED.

October 18, 2024                             *s/ Damon R. Leichty*
                                             Judge, United States District Court

7