UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                      CAUSE NO. 3:23cr24 DRL

PABLO PEDRAZA,

    Defendant.

OPINION AND ORDER

Pablo Pedraza filed a *pro se* motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He argues the federal government improperly prosecuted him, as Congress lacks the authority to regulate controlled substance offenses and the State of Indiana has its own laws governing the matter. This, according to Mr. Pedraza, constitutes an extraordinary and compelling reason warranting a reduction in his sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Although Mr. Pedraza classifies his motion as one for compassionate release, it strikes the court as a request under 28 U.S.C. § 2255. *See* U.S. Const., Art. I, § 9, cl. 2. In extraordinary situations, the court may vacate, set aside, or correct a prisoner's sentence. 28 U.S.C. § 2255(a); *Hays v. United States*, 397 F.3d 564, 566-567 (7th Cir. 2005). The writ provides prisoners relief from violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2255(a); *Danforth v. Minnesota*, 552 U.S. 264, 272-73 (2008); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). It isn't a substitute for direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995).

Mr. Pedraza filed his first *habeas corpus* petition under § 2255 on September 16, 2024 [55]. There he claimed the ineffective assistance of his trial counsel. Mr. Pedraza must obtain

leave from the United States Court of Appeals for the Seventh Circuit to file any successive collateral attack. *See* 28 U.S.C. § 2244, 2255(h). Mr. Pedraza has not done so.

In any event, Mr. Pedraza's argument fails. The law is clear on the subject of federal jurisdiction over local controlled substance crimes. "It is within the authority of the Congress under the Commerce Clause to create drug laws criminalizing narcotics transactions such as those found under 21 U.S.C. §§ 846 and 841." *United States v. Westbrook*, 125 F.3d 996, 1009 (7th Cir. 1997). The creation of these laws was a valid exercise of congressional authority because local narcotics activities have a substantial effect on interstate commerce. *Id.*; *United States v. Rogers*, 89 F.3d 1326, 1338 (7th Cir. 1996), *cert. denied*, 117 S. Ct. 495 (1996).

Mr. Pedraza hasn't established a basis for § 2255 relief (or, for that matter, extraordinary and compelling circumstances for early release), nor is he authorized to pursue a successive collateral attack to his conviction and sentence. Accordingly, the court DENIES the motion [60].

SO ORDERED.

January 28, 2025            *s/ Damon R. Leichty*
                            Judge, United States District Court